IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BANGON CHOMDET<br>10807 Georgia Avenue, Apt. 201<br>Silver Spring, Maryland 20902<br><br>    PLAINTIFF<br><br>v.<br><br>RED BEAN SYSTEM, INC.<br>d/b/a SALA THAI<br>1301 U Street, NW<br>Washington, DC 20009<br><br>Serve: Pramote Changsila<br>a/k/a Oy Changsila<br>1301 U Street, NW<br>Washington, DC 20009<br><br>And<br><br>PRAMOTE CHANGSILA<br>A/k/a Oy Changsila<br>1301 U Street, NW<br>Washington, DC 20009<br><br>    DEFENDANTS. | *<br>*<br>*<br>*<br>*<br>*<br>* Case No.:<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

## COMPLAINT

Plaintiff Bangon Chomdet ("Plaintiff"), by and through undersigned counsel, hereby submits her Complaint against Defendants Red Bean System, Inc. d/b/a Sala Thai ("Sala Thai") and Pramote Changsirla a/k/a Oy Changsila ("Changsila") (together, "Defendants") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA") and the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq*. ("DCMWA") as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of the State of Maryland. By participating as a named plaintiff in this action, Plaintiff hereby consents to participate in an action under the FLSA and DCMWA.

2. Plaintiff has filed this action against both of her "employers" while she performed work duties at Defendants' Sala Thai restaurant located in Washington, D.C.

3. The FLSA and DCMWA define "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." *See Del Villar v. Flynn Architectural Finishes,* 664 F.Supp.2d 94, 96 (D.D.C.2009) (Because the DCMWA and FLSA contain nearly identical provisions with respect to employers' liability, the DCMWA is to be construed consistently with the FLSA).

4. Sala Thai is a corporation formed under the laws of the District of Columbia with its principal place of business in the District of Columbia.

5. At all times during Plaintiff's employment period, Changsila was the primary owner and managing officer of Sala Thai.

6. At all times during the period of Plaintiff's employment, Changsila had the power to hire, fire, suspend, and otherwise discipline Plaintiff.

7. At all times during the period of Plaintiff's employment, Changsila supervised Plaintiff's work duties to ensure Plaintiff's work was of sufficient quality.

8. At all times during the period of Plaintiff's employment, Changsila set and controlled Plaintiff's work schedule.

9. At all times during the period of Plaintiff's employment, Changsila set and

determined Plaintiff's rate and method of pay.

10. On information and belief, at all times during the period of Plaintiff's employment, Changsila maintained what few employment records exist relating to Plaintiff or caused such records to be maintained.

11. At all times during the period of Plaintiff's employment, Changsila controlled and were both in charge of the day-to-day operations of Defendants' restaurant.

12. At all times during Plaintiff's employment, Defendants served food products that originated and otherwise traveled outside of the Washington, D.C. and the United States and thus Defendants were engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

13. On information and belief, each year during Plaintiff's employment, Defendants' gross revenue exceeded $500,000.00 and thus Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

14. At all times during Plaintiff's employment, Plaintiff and at least two other individuals employed by Defendants, while engaged in their employment duties, handled, sold, and otherwise worked on goods and materials (namely food products) that were moved in or produced for commerce thus Plaintiff was an individual employee who was engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

15. Pursuant to the foregoing, at all times, both Defendants were Plaintiff's "employers" for purposes of the FLSA and the DCMWA.

16. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

17. Plaintiff was employed by Defendants as a food preparer at Defendants' Sala Thai Restaurant in Washington, D.C. from about 2006 through about April 2013.

18. While in Defendants' employ, Plaintiff's hours worked varied from week to week.

19. While in Defendants' employ, Plaintiff typically and customarily worked about sixty-two (62) or more hours per week.

20. At all times while in Defendants' employ, Defendants paid Plaintiff as a "salaried" employee.

21. Plaintiff's most recent weekly "salary" was at or about $1,700.00 per month.

22. The FLSA and DCMWA require employers to keep accurate employment records reflecting the hours employees work and the rate and method at employees are paid. *See* 29 U.S.C. § 211(c); D.C.Code 32–1008(b).

23. If an employer fails to keep accurate employment records, an employee with an FLSA or DCMWA claim may satisfy his burden by proving that he has in fact performed work for which he was improperly compensated and producing sufficient evidence to show the amount and extent of that work as a matter of just and reasonable

inference. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946)).

24. In such a situation where the employer has failed to keep accurate employment records, the burden shifts to the employer to show the exact amount of work performed by plaintiffs or to negate the reasonableness of the inference derived from plaintiffs' evidence. *Anderson*, 328 U.S. at 687–688.

25. If an employer fails to produce evidence to rebut the employee, the Court may award damages, even if the award is only approximate. *Anderson*, 328 U.S. at 687–688.

27. On information and belief, during the course of Plaintiff's employment with Defendants, Defendants failed to keep or maintain accurate records recording the number of hours Plaintiff worked each week and the rate at which Plaintiff was compensated.

28. Plaintiff does not have, in her possession, documents reflecting the exact number of hours she worked each week, but it is Plaintiff's reasonable estimation and belief, based on first hand knowledge, that at all times during Plaintiff's employment, Plaintiff typically and consistently worked all hours as set forth above.

29. At all times during Plaintiff's employment, Defendants had knowledge that Plaintiff typically and consistently worked all hours set forth above and that Defendants suffered or permitted Plaintiff to work all hours herein alleged.

30. At all times during Plaintiff's employment, Defendants paid Plaintiff a flat weekly salary in the approximate amount as set forth above.

31. The maximum-hours provision of the FLSA requires employers to pay any employee who is covered by the Act "not less than one and one-half times the *regular*

*rate* at which he is employed" for all hours worked in excess of forty in a week. 29 U.S.C. § 207(a)(1) (emphasis supplied).

32. According to Department of Labor regulations and Supreme Court precedent, the "regular rate" of pay for FLSA purposes is an "actual fact" that "must be drawn from what happens under the employment contract," rather than from any agreement between the employer and employee. 29 C.F.R. § 778.108. "Once the parties have decided upon the amount of wages and the mode of payment[,] the determination of the regular rate becomes a matter of mathematical computation, the result of which is unaffected by any designation of a contrary, 'regular rate' in [a] wage contract [ ]." *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 424-25 (1945).

33. Where there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period, such a salary arrangement is permitted by the Act *if* the amount of the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours he works is greatest, *and if* he receives extra compensation, in addition to such salary, for all overtime hours worked at a rate not less than one-half his regular rate of pay. *Hunter v. Sprint Corp.*, 453 F.Supp.2d 44, 58 (D.D.C. 2006).

34. At no time during the period of Plaintiff's employment did Plaintiff and Defendants reach, or even engage in any discussions relating to, a clear and mutual understanding that Plaintiff's salary was intended to compensate Plaintiff at a regular non-overtime rate of pay for hours worked each week less than forty (40) and at a

different overtime rate of one-and-one-half (1½) times Plaintiff's rate of pay for hours worked each week in excess of forty (40).

35. At no time during the period of Plaintiff's employment did Defendants ever, in addition to Plaintiff's flat salary, pay extra wages to Plaintiff for overtime hours worked in excess of forty (40) at a rate not less than one-half Plaintiff's regular rate of pay.

36. In legal truth, Defendants paid Plaintiff her flat salary for only non-overtime hours worked each week (those less than forty (40)) and paid Plaintiff no wages at all for hours worked each week in excess of forty (40).

37. Defendants should have paid Plaintiff at the rate of one-and-one-half (1½) times Plaintiff's regular rate of pay for all hours worked each week in excess of forty (40).

38. At no time during Plaintiff's employment did Plaintiff perform work duties that would make Plaintiff exempt from the overtime requirement of the FLSA or DCMWA.

39. Throughout the period of Plaintiff's employment, Defendants intentionally misinformed Plaintiff that she was not entitled to overtime wages for hours worked each week in excess of forty (40).

40. Throughout the period of Plaintiff's employment, Defendants did not post in a prominent place at Plaintiff's work place any notification to Plaintiff as to her rights to required overtime wages under Federal and District of Columbia law or Plaintiff's right to enforce or prosecute a claim for unpaid overtime wages due under Federal and District of Columbia law.

41. On or about April 1, 2013, Plaintiff initiated a claim for unpaid overtime wages arising out of her employment with Defendants with the District of Columbia Department of Employment Services.

42. Plaintiff has been actively pursuing her rights to recover unpaid overtime wages under Federal and District of Columbia law through the District of Columbia Department of Employment Services since at April 1, 2013.

43. In consideration of the foregoing, equitable tolling should apply to Plaintiff's Federal and District of Columbia overtime wage claim such that Plaintiff may recover in this action unpaid overtime wages for the time period April 1, 2013 through April 1, 2010 (156 weeks).

44. As a consequence of the foregoing, Defendants owe Plaintiff unpaid overtime wages and statutorily prescribed liquidated damages (exclusive of attorney's fees and costs) in the approximate amount of $101,038.10 ((((($1,700.00 per month * 12 months = $20,400.00 per year) / 52 weeks per year = $392.31 per week) / 40 hours per week = $9.81 per hour) * 1.5 = $14.72 owed per overtime hour * 22 overtime hours per week = $323.84 overtime wages owed per week) * 156 weeks = $50,519.04 unpaid overtime wages for recovery period) * 2 for liquidated damages = $101,038.10).

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act
### (Overtime)

45. Plaintiff re-alleges and reasserts each and every allegation set forth in Paragraphs 1-44 above, as if each were set forth herein.

46. The FLSA mandates that an employer must pay employees overtime

wages in the amount of one-and-one-half (1½) times the employee's regular rate of pay for all overtime hours worked each week in excess of forty (40).

47. At all times, Plaintiff as an "employee" covered by the FLSA, 29 U.S.C. § 207(a)(1), and both of the Defendants were Plaintiff's "employers" under FLSA, 29 U.S.C. § 207(a)(2).

48. Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half (1½) times Plaintiff's regular rate for all hours worked per week in excess of forty (40).

49. As set forth above, while in Defendants' employ, Plaintiff worked many overtime hours each week.

50. As set forth above, Defendants failed to pay Plaintiff any wages for all overtime hours worked each week in excess of forty (40).

51. Defendants' failure to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count I for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Overtime)

52. Plaintiff re-alleges and reasserts each and every allegation set forth in Paragraphs 1-51 above, as if each were set forth herein.

53. Plaintiff was Defendants' "employee," and both of the Defendants were Plaintiff's "employers" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq.*

54. Defendants, as Plaintiff's employers under the DCMWA, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half (1½) times Plaintiff's regular rate of pay for all hours worked per week in excess of forty (40).

55. As set forth above, while in Defendants' employ, Plaintiff worked many overtime hours each week.

56. As set forth above, Defendants failed to compensate Plaintiff any wages for all overtime hours worked each week in excess of forty (40).

57. Defendants' failure to pay Plaintiff as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count II, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

/s/ Gregg C. Greenberg

Gregg C. Greenberg, Bar No. MD17291
Zipin, Amster & Greenberg, LLC
836 Bonifant Street
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiff*