IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BANGON CHOMDET, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RED BEAN SYSTEM, INC. et al. <br><br> Defendants. | Civil Action No. 1:15-cv-01657-EGS |

### JOINT LOCAL RULE 16.3(d) REPORT AND DISCOVERY PLAN

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16, counsel of record for the parties conferred regarding scheduling, discovery, and other matters related to this litigation.

**I.   Statement Of The Case**

This is a claim for overtime brought by Plaintiff Bangon Chomdet ("Chomdet") who worked for the Sala Thai restaurant operated by Defendant Red Bean System, Inc. ("Red Bean System") on U Street in Washington, DC, and Plaintiff Usias Abraham Santos Hernandes ("Hernandes") who worked for the Sala Thai restaurant operated by Defendant Ja-Roen-D, Inc. ("Ja-Roen-D") in Bethesda, Maryland and the Sala Thai restaurant operated by Defendant Red Bean System II, Inc. ("Red Bean System II") on Georgia Avenue in Washington, DC.  Plaintiffs allege that all Defendants including Pramote Changsila ("Changsila") constitute a single employer and/or enterprise employer and/or single integrated enterprise employer jointly and severally liable to all Plaintiffs for failing to pay wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") and the District of Columbia Minimum Wage Revision Act, D.C. Code §§ 32-1001 *et seq*. ("DCMWA").  Hernandes further alleges that Defendants

1

failed to pay him wages in violation of the Maryland Wage and Hour Law ("MWHL") and the Maryland Wage Payment Collection Law ("MWPCL").

Defendants deny that all Defendants constitute a single employer and/or enterprise employer and/or single integrated enterprise employer.  Defendants further deny any unlawful conduct or liability to Chomdet or Hernandes.  Defendants maintain that Chomdet and Hernandes were properly compensated.

The following constitutes the Parties' proposed discovery plan and their positions with respect to each of the fourteen items set forth in Local Civil Rule 16.3.

**II.   Rule 16.3 Report**

1. <u>Status of Dispositive Motions</u>:  The Parties agree that any dispositive motions will not be filed until after the close of discovery.  Both Parties reserve the right to file any such motions after the close of discovery.

2. <u>Joinder and Amendment of Pleadings</u>:  The Parties will determine whether any other parties shall be joined, whether the pleadings need to be amended, and whether some or all the factual and legal issues can be agreed upon or narrowed within thirty days following the Initial Pretrial Conference.  As of the filing of this report, the Parties do not anticipate joinder of additional parties or amendments to the pleadings.

3. <u>Magistrate Judge</u>:  The Parties do not consent to submit this matter to a magistrate judge for all purposes, including trial.

4. <u>Settlement Possibility</u>:  The Parties are actively engaged in settlement discussions, and believe there is a realistic possibility of settling the case.

5. <u>Alternative Dispute Procedures</u>:  If, at some point, the Parties believe that they

will benefit from the Court's alternative dispute resolution (ADR) procedures, they will notify the Court. The Parties do not at this point intend to engage in ADR. Counsel have not yet discussed ADR with their clients.

6. Dispositive Motions: The Parties propose that there be a post-discovery status conference for the purpose of resolving any outstanding matters between the Parties and setting dates for dispositive motions. The parties believe that the case can likely be resolved by summary judgment motion after discovery is complete.

7. Initial Disclosures: The Parties agree to waive initial disclosures under Federal Rule of Civil Procedure 26(a)(1).

8. Discovery: The Parties propose that discovery shall commence on January 6, 2016 and close on May 30, 2016. The Parties agree to limit the number of interrogatories to 30 per party and to limit the number of non-party depositions to three for the Plaintiffs and three for the Defendants, absent leave of court. In the event a Protective Order is deemed necessary, the Parties shall exercise their best efforts to agree on a form. The Parties will maintain the confidentiality of any documents or information designated in good faith as confidential unless and until a Protective Order is entered governing the designated documents and information.

9. Experts: Neither party anticipates that experts will be necessary in this matter. However, to the extent that either party decides to designate any experts, they shall do so in accordance with Fed. R. Civ. P. 26(a)(2). Furthermore, to the extent necessary, the Parties agree that expert depositions may be completed after the close of discovery.

10. <u>Class Action Procedures</u>:  Not applicable.

11. <u>Bifurcation of Discovery or Trial</u>:  The Parties agree that this case should not be bifurcated.

12. <u>Proposed Date for the Pretrial Conference</u>:  The Parties request that a post-discovery status conference be scheduled in June 2016, at which time the Court will determine a schedule for dispositive motions and schedule a date for an additional pretrial conference, if necessary.

13. <u>Trial Date</u>:  If necessary, a trial date should be set at the Initial Pretrial Conference.

14. <u>Other Matters</u>:

    (i) <u>Privilege/Work Product</u>.  All claims of privilege and/or work product protection must be made in accordance with Rule 26(b)(5).  However, the Parties agree it shall not be necessary to include on any privilege log communications exclusively between any party and its/his litigation counsel at any time from the filing through the end of this litigation.

    (ii) <u>Service and Filing</u>.  Pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), the Parties agree that notices of deposition, discovery requests, objections, and responses, and other papers that are not filed through the Court's Electronic Case Filing system ("ECF") may be served by email.

           Respectfully submitted,

           **JACKSON LEWIS P.C.**

January 8, 2016       /s/ Jacqueline C. Tully
           Jacqueline C. Tully (DC Bar No. 978228)
           JACKSON LEWIS P.C.
           10701 Parkridge Blvd., Suite 300
           Reston, VA 20191
           Telephone: (703) 483-8300
           Facsimile: (703) 483-8301
           TullyJ@jacksonlewis.com

           *Counsel for Defendants*

           /s/ Gregg C. Greenberg (*with permission*)
           Gregg C. Greenberg (Bar No. MD17291)
           Zipin, Amster & Greenberg, LLC
           836 Bonifant Street
           Silver Spring, Maryland 20910
           Phone: 301-587-9373
           Fax: 301-587-9397
           Email: ggreenberg@zagfirm.com

           *Counsel for Plaintiffs*

*4849-8760-0684, v. 4*